IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PHILLIP ROSELLE and DEBBIE ROSELLE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No.: 3:19-cv-01490-AWT |
| vs. | ) |
| | ) |
| GLOCK, INC., | ) |
| | ) |
| Defendant. | ) |

**AMENDED RULE 26(F) REPORT OF PARTIES' PLANNING MEETING**

Parties:   <u>Plaintiffs</u>: Phillip Roselle and Debbie Roselle

<u>Intervening Plaintiff</u>: The City of Norwalk

<u>Defendant</u>: Glock, Inc.

<u>Date Complaint/Notice of Removal Filed</u>:   September 23, 2019

<u>Date (State Court) Complaint Served</u>:   August 29, 2019

<u>Date (Intervention) Complaint Served</u>:   October 3, 2019

<u>Date of Defendant's Appearance</u>:   September 23, 2019

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 7, 2019. The participants were:

Matthew D. Paradisi, Esq. of Cicchiello & Cicchiello, LLP for Plaintiffs.

Brian Candela, Esq. for Intervening Plaintiff, the City of Norwalk.

Christopher Renzulli, Esq. of Renzulli Law Firm, LLP for Defendant.

**I.     Certification**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for

achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.

Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     Jurisdiction**

**A. Subject Matter Jurisdiction**

Subject matter jurisdiction is based on diversity of citizenship of the parties. Plaintiffs are citizens of the State of Connecticut. The Intervening Plaintiff is a city/municipality located within the State of Connecticut. Defendant is a Georgia corporation with its principal place of business located in the State of Georgia.

**B. Personal Jurisdiction**

Personal jurisdiction is not contested.

**III.    Brief Description of Case**

**Plaintiffs**:

This is an Action for personal injuries sustained on or about September 5, 2017, by Phillip Roselle, a former police officer with the City of Norwalk Police Department, when a defective and unreasonably dangerous Glock 17 9mm handgun was unintentionally discharged by a fellow officer following a training exercise, resulting in Mr. Roselle being shot with a 9mm round in the abdomen and forearm, causing him catastrophic injuries.

**Intervening Plaintiff**:

On or about September 5, 2017, the plaintiff was employed by the City of Norwalk. On or about that date, the plaintiff sustained personal injuries while in the course of his employment for the City of Norwalk. Specifically, a fellow officer unintentionally discharged a Glock 17 9mm handgun which resulted in the plaintiff being shot. He was struck in the abdomen and forearm

causing the injuries set forth in his operative complaint. The plaintiff asserts the following counts against the defendant: Negligence, Products Liability, Breach of Express Warranty, Breach of Implied Warranty of Merchantability and Loss of Consortium. Again, these injuries arose out of and in the course of his employment pursuant to the terms of the Worker's Compensation Act, Chapter 568 of the Connecticut General Statutes. As such, the City of Norwalk seeks reimbursement for the monies spent on the plaintiff's personal injuries that he sustained in the course of his employment for the City of Norwalk.

**Defendant**:

Defendant is not liable to Plaintiffs and/or the Intervening Plaintiff. Defendant denies the substantive allegations of Plaintiffs' Complaint. Specifically, Defendant denies that the subject pistol was defective in any manner. Defendant further denies that the subject pistol caused or contributed to Plaintiffs' alleged injuries and/or damages, if indeed Plaintiffs can prove the existence of their claimed injuries and/or damages. In addition, Defendant states that Plaintiffs' and the Intervening Plaintiff's claims are barred as outlined in the Affirmative Defenses contained in Defendant's Answers to the respective complaints.

**A. Claims of Plaintiffs:**

Plaintiff's Phillip and Debbie Roselle, bring the following causes of action against Defendant, Glock, Inc.:

      COUNT ONE:    Negligence, Phillip Roselle vs. Glock, Inc.

      COUNT TWO:    Products Liability in Violation of C.G.S. § 52-572m et seq., Phillip Roselle vs. Glock, Inc.

      COUNT THREE:    Breach of Express Warranty, Phillip Roselle vs. Glock, Inc.

      COUNT FOUR:    Breach of Implied Warranty of Merchantability, Phillip Roselle vs. Glock, Inc.

      COUNT FIVE:      Loss of Consortium, Debbie Roselle vs. Glock, Inc.

**B. Claims of Intervening Plaintiff:**

On or about September 5, 2017, the plaintiff was employed by the City of Norwalk. On or about that date, the plaintiff sustained personal injuries while in the course of his employment for the City of Norwalk. Specifically, a fellow officer unintentionally discharged a Glock 17 9mm handgun which resulted in the plaintiff being shot. He was struck in the abdomen and forearm causing the injuries set forth in his operative complaint. The plaintiff asserts the following counts against the defendant: Negligence, Products Liability, Breach of Express Warranty, Breach of Implied Warranty of Merchantability and Loss of Consortium. Again, these injuries arose out of and in the course of his employment pursuant to the terms of the Worker's Compensation Act, Chapter 568 of the Connecticut General Statutes. As such, the City of Norwalk seeks reimbursement for the monies spent on the plaintiff's personal injuries that he sustained in the course of his employment for the City of Norwalk.

**C. Defenses and Claims (either pled or anticipated) of Defendant:**

Defendant is not liable to Plaintiffs and/or the Intervening Plaintiff. Defendant denies the substantive allegations of Plaintiffs' Complaint. Specifically, Defendant denies that the subject pistol was defective in any manner. Defendant further denies that the subject pistol caused or contributed to Plaintiffs' alleged injuries and/or damages, if indeed Plaintiffs can prove the existence of their claimed injuries and/or damages. In addition, Defendant states that Plaintiffs' and the Intervening Plaintiff's claims are barred as outlined in the Affirmative Defenses contained in Defendant's Answers to the respective complaints.

**D. Defenses and Claims of Third-Party Defendant/s:**

Not applicable.

IV.     **Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. At this time, the parties agree to the following facts:

1. The Intervening Plaintiff is a City located in the State of Connecticut.

2. Defendant Glock, Inc. is a corporation duly organized under the laws of the State of Georgia with its principal place of business located in the State of Georgia.

3. Defendant Glock, Inc. has assembled, tested, sold and distributed the Glock Model 17 pistol bearing serial number BDGV801.

V.     **Case Management Plan:**

**A. Initial Disclosures**

Initial disclosures will be served by November 22, 2019.

**B. Scheduling Conference**

The parties appeared for a scheduling conference with the Court on October 7, 2019.

**C. Early Settlement Conference**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, when such a conference is held, with the presiding judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiffs should be allowed until January 31, 2020 to file motions to join additional parties and until February 28, 2020 to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2. Defendant should be allowed until March 31, 2019 to file motions to join additional parties and twenty-one (21) days to file a response to any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E. Discovery**

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

Plaintiffs' Position:   In addition to those topics of discovery outlined in Defendant's position below, Plaintiffs anticipated that discovery will be needed on the following subjects:

    i. Defendant's processes in manufacturing, testing, and distributing the subject Gun and the Glock 17 9mm handgun;

    ii. Defendant's notice concerning the alleged Defects;

    iii. Defendant's responses, if any, to notification of the alleged Defects;

    iv.    Corrective measures taken, if any, concerning notice of the alleged Defects;

    v.    Representations, warranties, and guarantees, if any, made by Defendant in connection with its marketing, distribution, and sale of the subject Gun; and

    vi.    Feasible alternative designs, tests, or manufacturing methods which would have cured the alleged Defects.

Defendant's Position:

    i.    The subject incident giving rise to Plaintiff's alleged physical injuries;

    ii.    The Norwalk Police Department's investigation of the subject incident;

    iii.    Inspection and examination of the subject pistol, ammunition, and other physical evidence;

    iv.    The Plaintiff's alleged injuries, medical conditions, treatment, etc.; and

    v.    The Plaintiffs' alleged special damages.

b. The parties anticipate that discovery will be needed on the subjects noted above.

c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 29, 2019 and completed (not propounded) by October 8, 2020.

d. Discovery will be conducted in phases.

e. Fact discovery, including depositions of fact witnesses, will be completed by June 12, 2020. Expert discovery, including depositions of expert witnesses, will be completed by October 8, 2020.

f. The parties anticipate that the plaintiffs will require a total of 5-10 depositions of fact witnesses and that the defendant will require a total of 11 depositions of fact witnesses. The depositions will commence by March 3, 2020 and be completed by June 12, 2020.

g. The parties will not request permission to serve more than 25 interrogatories.

h. Plaintiffs intend to call expert witnesses at trial. Defendant intends to call expert witnesses at trial.

i. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 12, 2020. Depositions of Plaintiffs' experts will be completed by July 31, 2020.

j. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 14, 2020. Depositions of Defendant's experts will be completed by September 25, 2020.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by June 12, 2020.

l. The parties acknowledge that they are required to preserve relevant electronically stored information. If any disagreement arises regarding electronically stored information, the parties agree to confer in good faith, and, if unable to reach an agreement, the applicable party shall file a motion in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

m. At this time the parties do not believe that it is necessary to reach agreement on the procedures for the preservation, disclosure and management of information stored in paper or other non-electronic forms as the parties agree to follow the general procedures for written discovery set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.

n. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The party responding to discovery shall provide a privilege log which includes the Bates number (if any) of the privileged document and: (1) the date of its creation; (2) its author(s); (3) its recipients; and (4) a brief general description of the document along with the basis for the privilege assertion. The parties agree that communications between any party and its litigation counsel related to this action, documents and things created by or for a party's litigation counsel in anticipation of this action, and documents and things created after the date the Complaint was served on Defendant need not be identified on any privilege log.

The parties further agree that inadvertent disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege. Upon discovery of any such inadvertently produced or disclosed material, the producing party shall promptly provide written notice to the receiving party. Such inadvertently produced or disclosed material, including all copies thereof, shall either be returned to the producing party or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged material. Any receiving party destroying any information contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or trial, nor shall such material be

shown to anyone who has not already been given access to it subsequent to the request that it be returned.

The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

**F. Other Scheduling Issues**

On September 23, 2019 Defendant requested the opportunity to perform a non-destructive, physical examination of the subject pistol, magazine, spent cartridge casing(s), other ammunition, clothing, and any other evidence recovered at the scene of the incident at a convenient time and location. Plaintiffs' counsel responded to Defendant's request by explaining that they "are unable to provide access to the items delineated in [Defendant's request], as [Plaintiffs] are not in possession, custody, or control of the same." Upon information and belief, these items are currently in the possession, custody and control of the City of Norwalk Police Department. As such, Defendant will make a request to the City of Norwalk Police Department to produce the physical evidence for a non-destructive physical examination. Should the City of Norwalk Police Department reject Defendant's request (in whole or in part), however, an application will be made to the Court for an order compelling the City of Norwalk Police Department to produce the relevant physical evidence.

**G. Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before November 8, 2020.

**H. Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within thirty (30) days after rulings on dispositive motions.

VI.     **TRIAL READINESS**

The case will be ready for trial sixty (60) days after the filing of the parties' joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

**Plaintiffs**

By  /s/ Matthew D. Paradisi, Esq.                    Date:   December 4, 2019

**Intervening Plaintiff**

By  /s/ Brian Candela, Esq.                          Date:   December 4, 2019

**Defendant**

By  /s/ Christopher Renzulli, Esq.                   Date:   December 4, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2019, a copy of foregoing AMENDED RULE 26(F) REPORT OF PARTIES' PLANNING MEETING was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Matthew D. Paradisi, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
E-Mail: mparadisi@cicchielloesq.com

Brian Candela, Esq.
City of Norwalk
125 East Avenue, Room 237, PO Box 5125
Norwalk, CT 06856
E-Mail: bcandela@norwalkct.org

 /s/ Christopher Renzulli
Christopher Renzulli (CT24597)
RENZULLI LAW FIRM, LLP
*Attorneys for Defendant Glock, Inc.*